1  TOWNSEND AND TOWNSEND AND CREW LLP
   THEODORE T. HERHOLD (State Bar No. 122895)
2  ttherhold@townsend.com
   MATTHEW R. HULSE (State Bar No. 209490)
3  mrhulse@townsend.com
   ROBERT D. TADLOCK (State Bar No. 238479)
4  rdtadlock@townsend.com
   379 Lytton Avenue
5  Palo Alto, California  94301
   Telephone: (650) 326-2400
6  Facsimile: (650) 326-2422

7  Attorneys for Plaintiff/Counterdefendant
   SYNVASIVE TECHNOLOGY, INC.
8

9

10                    UNITED STATES DISTRICT COURT

11                   FOR THE EASTERN DISTRICT OF CALIFORNIA

12                             SACRAMENTO DIVISION

13  SYNVASIVE TECHNOLOGY, INC.,

14              Plaintiff,                  Case No. 2:05-CV-01515-WBS-DAD
                                            (Consolidated)
15        v.

16  STRYKER CORPORATION,

17              Defendant.

18
    SYNVASIVE TECHNOLOGY, INC.,
19                                          Case No. 2:06-CV-00049-WBS-DAD
                Plaintiff,                  (Consolidated)
20
          v.                                **The Honorable William B. Shubb**
21                                          **Date:   January 22, 2007**
    STRYKER CORPORATION,                    **Time:  1:30 p.m.**
22                                          **Ctrm:  5**
                Defendant.
23

24  AND RELATED COUNTERCLAIMS.

25

26         **[PROPOSED] ORDER GRANTING SYNVASIVE TECHNOLOGY, INC.'S
                   MOTION TO FILE DOCUMENTS UNDER SEAL**
27

28

[PROPOSED] ORDER GRANTING SYNVASIVE TECHNOLOGY, INC.'S MOTION TO FILE DOCUMENTS UNDER SEAL
CASE NO. 2:05-CV-01515-WBS-DAD AND CASE NO. 2:06-CV-00049-WBS-DAD

PDF created with pdfFactory trial version www.pdffactory.com

1  Plaintiff/Counterdefendant Synvasive Technology, Inc. ("Synvasive") has filed with the Court a Motion to File Documents Under Seal and a Notice of Filing Sealed Documents. As set forth in Synvasive's Motion to File Documents Under Seal, Synvasive has lodged the following documents with this Court:

1. Plaintiff Synvasive Technology, Inc.'s Memorandum of Points and Authorities in Support of its Motion for Partial Summary Judgment of Infringement of the '353 and '253 Patents;

2. Declaration of Matthew R. Hulse in Support of Plaintiff Synvasive Technology, Inc.'s Motion for Partial Summary Judgment of Infringement of the '353 and '253 Patents; and

3. Declaration of David A. Dornfeld in Support of Plaintiff Synvasive Technology, Inc.'s Motion for Partial Summary Judgment of Infringement of the '353 and '253 Patents.

This motion is made on the basis that the exhibits to the Declarations of Matthew R. Hulse and David A. Dornfeld in Support of Synvasive's Motion for Partial Summary Judgment of the '353 and '253 Patents and the text of the Memorandum of Points of Authorities that refer to the exhibits have been designated as "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" by Defendant Stryker Corporation, pursuant to the Protective Order in this action entered on December 13, 2005. This request is narrowly tailored to seal only that material for which good cause to seal has been established.

///

PDF created with pdfFactory trial version www.pdffactory.com

Accordingly, IT IS HEREBY ORDERED AS FOLLOWS:

The following documents are hereby ordered sealed:

1. Plaintiff Synvasive Technology, Inc.'s Memorandum of Points and Authorities in Support of its Motion for Partial Summary Judgment of Infringement of the '353 and '253 Patents;

2. Declaration of Matthew R. Hulse in Support of Plaintiff Synvasive Technology, Inc.'s Motion for Partial Summary Judgment of Infringement of the '353 and '253 Patents; and

3. Declaration of David A. Dornfeld in Support of Plaintiff Synvasive Technology, Inc.'s Motion for Partial Summary Judgment of Infringement of the '353 and '253 Patents.

4. This order may be subject to reconsideration, in whole or in part, at any time, if on the application of any party or other interested person it is shown that the interest of the public in access to the above information outweighs the need to seal the above documents.

5. Both parties who ask the court to place critical parts of this file under seal should understand that doing so hampers this court's ability to review all relevant parts of the file in ruling on the pending motions, and may also affect the ability of the court of appeals to review on appeal any decision of this court.

DATED:  December 29, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

60943607 v1